UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1247-JLS (KK) | Date | August 31, 2015 |
|---|---|---|---|
| Title | GEORGE HUDSON v. ALFREDO FRANCO, ET AL. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute and Comply With Court Orders

## I. PROCEDURAL HISTORY

On February 8, 2014, Plaintiff George Hudson, a California state prisoner proceeding *pro se* and *in forma pauperis*, constructively filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983.[1]  Plaintiff alleges Defendants Alfredo Franco and Kirk Richardson, who appear to be Los Angeles County deputies, assaulted him on June 1, 2011, in violation of his rights under the Eighth and Fourteenth Amendments.  See ECF No. 8 at 3, 5.

On July 1, 2014, the Court issued an Order directing service of process by the United States Marshal.  ECF No. 15.

On February 24, 2015, defendants Franco and Richardson filed an answer to the Complaint.  ECF No. 22.

On February 26, 2015, the Court issued a Case Management and Scheduling Order which required, among other things, the parties to file and serve a status report no later

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered the pleading to prison authorities for mailing, not the date on which the pleading may have been received by the court.  See Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).  Here, Plaintiff states he signed the Complaint on February 8, 2014.  ECF No. 8 at 6.  Thus, the Court considers that date to be the date of filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1247-JLS (KK) | Date | August 31, 2015 |
|---|---|---|---|
| Title | GEORGE HUDSON v. ALFREDO FRANCO, ET AL. | | |

than July 24, 2015.  ECF No. 24.

On July 17, 2015, the two defendants filed their required status report.  ECF No. 35.  As of this date, Plaintiff has failed to file his required status report.

## II.
## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action with prejudice for lack of prosecution or for failure to comply with any court order.  *See* Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to file a status report, thus, failing to comply with the Court's February 26, 2015 Order.  Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to prosecute and comply with a court order.  However, before dismissing this action, the Court will afford Plaintiff an opportunity to explain his failure to file a status report as directed by this Court Order.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with court orders.  Plaintiff shall have up to and including **September 14, 2015** to respond to this Order.  Plaintiff is cautioned that his failure to timely file a response to this Order will be deemed by the Court as consent to the dismissal of this action with prejudice.